## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION ) ) )_____) | No. 1:04-CV-10708-RCL  **CONSOLIDATED** |
| RICHARD PAGONA, Individually and on Behalf of All Other Similary Situated, ) ) )  Plaintiff, ) ) v. ) ) VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, STEPHEN G. CARTER, ) ) )  Defendants. ) _____) | No. 1:04-CV-11100-RCL |
| EDWARD A. TOVREA, Individually and on Behalf of All Other Similarliy Situated, ) ) )  Plaintiff, ) ) v. ) ) VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI, ) ) )  Defendants. ) _____) | No. 1:04-CV-10851-RCL |
| KIM BENEDETTO, Individually and On Behalf of All Others Similarly Situated, ) ) ) JOSEPH BENEDETTO, Individually and On Behalf of All Others Similarly Situated, ) ) )  Plaintiffs, ) ) v. ) ) VASO ACTIVE PHARMACEUTICALS, INC., JOHN J. MASIZ, JOSEPH FRATTAROLI, ) ) )  Defendants. ) _____) | No. 1:04-CV-10808-NG |

| | |
|---|---|
| DEAN DUMMER, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VASO ACTIVE PHARMACEUTICALS, INC., )<br>JOHN J. MASIZ, JOSEPH FRATTAROLI, )<br>STEPHEN G. CARTER, )<br>)<br>Defendants. )<br>_____) | No.  1:04-CV-10819-NG |
| RICHARD SHAPIRO, Individually and On Behalf )<br>of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VASO ACTIVE PHARMACEUTICALS, INC., )<br>JOHN J. MASIZ, JOSEPH FRATTAROLI, )<br>)<br>Defendants. )<br>_____) | No. 1:04-CV-10720-NG |
| JAMES KARANFILIAN, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VASO ACTIVE PHARMACEUTICALS, INC., )<br>STEPHEN G. CARTER, JOHN J. MASIZ, )<br>)<br>Defendants. ) | No. 1:04-CV-11101-RCL |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE ALIPOUR GROUP FOR CONSOLIDATION, APPOINTMENT OF LEAD
<u>PLAINTIFF AND FOR APPROVAL OF SELECTION OF CLASS COUNSEL</u>**

**PRELIMINARY STATEMENT**

Movants, Kourosh Alipour ("Alipour"), Timmy Smith ("Smith") and Douglas Weymouth ("Weymouth") (collectively, the "Alipour Group") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 42(a) and § 78u-4(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act (the "PSLRA"), for an order (a) consolidating the above-captioned securities fraud class actions and any subsequently filed related actions; (b) appointing the Alipour Group as Lead Plaintiff in this action; and (c) approving Movants' selection of Federman & Sherwood as Lead Class Counsel and Alan L. Kovacs as Liaison Class Counsel in the consolidated action.

As set forth in the Certifications of Alipour, Smith and Weymouth, attached as Exhibits 1, 2 and 3 to the Federman Declaration, attached hereto, the Alipour Group incurred losses of approximately $69,063.93 on transactions in Vaso Active Pharmaceuticals, Inc. ("Vaso Active" or the "Company") securities during the Class Period (defined below), is believed to have the largest financial interest in the relief sought by the Class, and should be appointed lead plaintiff.

**INTRODUCTION**

The Alipour Group is aware of at least ten (10) related securities fraud class actions pending in this Court (the "Actions"), brought on behalf of all persons or entities who purchased the securities of Vaso Active from December 11, 2003 through March 31, 2004 (the "Class Period"). Four (4) of these cases have been consolidated under Case No. 04-10708-RCL. Plaintiffs allege that during the Class Period defendants made materially false and misleading statements that artificially inflated the price of Vaso Active common stock in violation of

1

Sections 10(b) and 20(a) of the Exchange Act, as well as the rules and regulations promulgated thereunder by the Securities and Exchange Commission ("SEC").

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that a person or group of persons seeking to serve as Lead Plaintiff must satisfy certain procedural prerequisites and must also constitute the "most adequate representative" of the prospective class. As set forth below, the Alipour Group amply satisfies all of the criteria for selection as Lead Plaintiff, including the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the Alipour Group should be appointed Lead Plaintiff.

The Alipour Group also respectfully requests that the Court approve the selection of counsel in accordance with the PSLRA. The Alipour Group has chosen Federman & Sherwood to serve as Lead Counsel for the Class and Alan L. Kovacs to serve as Liaison Counsel for the Class. These firms have extensive experience in securities class action litigation and complex litigation and are well-qualified to represent the interests of all Class members. See Federman Declaration, Exhibits 4 and 5.

## STATEMENT OF FACTS

Vaso Active manufactures, markets and sells over-the-counter pharmaceutical products. Plaintiffs allege that throughout the Class Period, Vaso Active issued press releases, and filed financial reports with the SEC, touting the Company's clinical trial of its anti-fungal product as being "revolutionary," and stated that the trial was supervised by a team of independent physicians, analyzed by the New England Medical Center of Boston, and endorsed by the American Association of Medical Foot Specialists. Plaintiffs allege that defendants' assertions were grossly misleading because (i) the New England Medical Center had nothing to do with the study associated with the trial, it was not involved in the selection of patients for the trial, and it

2

had not analyzed the trial results or drawn any conclusions of its effectiveness; (ii) the trial was supervised by one podiatrist - - not a group of independent physicians - - who was selected by the Company's majority shareholder and compensated by the Company; (iii) the Company's so-called "clinical trial" was more than half a decade old; (iv) the Association of Medical Foot Specialists is not widely known in the medical community, and its endorsement of Vaso Active's product was bargained for in exchange for a donation by Vaso Active to the Association's scholarship program; and (v) there was little, if any, institutional demand for Vaso Active's securities.

On April 1, 2004, before the market opened, the SEC issued a press release announcing the temporary suspension of trading of Vaso Active stock because of "questions regarding the accuracy of assertions by VAPH (Vaso) and by others . . . concerning, among other things: (1) FDA approval of certain key products and (2) the regulatory consequences of the future application of their primary product." Moreover, on April 7, 2004, Vaso Active announced that the Company had received a letter from the Nasdaq Listing Investigations Department regarding Vaso Active's compliance with Nasdaq listing requirements. In response to the Nasdaq letter, Vaso Active stated "In view of the substantial administrative and cash burdens being borne by the Company at this time, the Company has determined that it is in the best interest of shareholders to voluntarily cause its shares to be removed from Nasdaq."

Plaintiffs seek to recover damages on behalf of all those who purchased Vaso Active securities during the Class Period.

**ARGUMENT**

I. **THE RELATED ACTIONS PENDING IN THIS COURT NOT PREVIOSULY CONSOLIDATED SHOULD BE CONSOLIDATED UNDER CASE NO. 04-10708**

3

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is proper when actions involve common questions of law and fact. Section 21(D)(a)(3)(B) of the PSLRA contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."

Consolidation of all the claims filed under the federal securities laws is particularly appropriate here. All of the Actions are based on substantially similar factual allegations and make substantially similar legal claims. As a result, consolidation will serve to avoid duplicative discovery, motion practice and other proceedings. Accordingly, the above styled cases, not previously consolidated, should be consolidated into Case No. 04-10708.

## II.     THE ALIPOUR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Alipour Group Is The "Most Adequate Plaintiff"

The PSLRA requires the appointment of a Lead Plaintiff who the court determines is most capable of adequately representing the interests of class members. PSLRA §21D(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). Under the PSLRA, such person is referred to as the "most adequate plaintiff." Id. The statute dictates that courts must presume that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice ...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Alipour Group is entitled to this presumption and is demonstrably the most adequate plaintiff.

### 1.     The Alipour Group Has Filed A Timely Motion for Appointment of Lead Plaintiff

4

Plaintiffs who commence securities class actions must publish a notice to the class, within twenty days of filing the action, informing class members of the pendency of the action and their right to file a motion for appointment as Lead Plaintiff. See PSLRA § 21 D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff. Id.

On April 8, 2004, Milberg Weiss published notice in Business Wire, that the first of the many class action lawsuits that have been filed against Vaso Active had been filed. A copy of the Business Wire notice is attached as Exhibit 6 to the Federman Declaration. The Alipour Group's Motion, which is being submitted to this Court by June 7, 2004, is timely because it is being made within sixty days after publication of the initial notice of the first filed action in this case. The Alipour Group's motion is supported by Certifications attesting to the Alipour Group's willingness to serve as Lead Plaintiff or Co-Lead Plaintiffs in the Actions, its willingness to provide testimony at deposition and trial, and by listing their transactions in Vaso Active common stock during the Class Period.

2. **The Alipour Group Has The Largest Financial Interest**

The second prong of the test for the "most adequate plaintiff" requires the proposed Lead Plaintiff to demonstrate that he has the largest financial interest in the relief sought by the Class. In determining which movant has the largest financial interest the Court should examine "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." In re Cendant Corp. Sec. Litig., 264 F.3d 201, 262 (3rd Cir. 2001). Pursuant to the foregoing criteria, Alipour Group is not aware of any

5

prospective lead plaintiff that has a larger financial interest in the relief sought by the Class than the Alipour Group has.

Collectively the Alipour Group acquired 9165 shares of Vaso Active shares during the class period and sustained losses of approximately $69,063.93. See Investor Certifications of Alipour, Smith and Weymouth attached as Exhibits 1, 2 and 3 to the Federman Declaration. Specifically, Alipour purchased 2,700 shares during class period for $27,798 and suffered an approximate loss of $25,727.64. Alipour Investor Certification. Smith purchased 3,465 shares during the class period for $27,094.65 and suffered an approximate loss of $24,437.69. Investor Certification of Smith. Weymouth purchased 3,000 shares during the class period for $21,119.00 and suffered an approximate loss of $18,898.60. Weymouth Investor Certification.

### 3. The Alipour Group Satisfies Rule 23

In addition to the aforementioned requirements, PSLRA § 21D(a)(3)(B)(iii)(1)(cc) dictates that the proposed Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." For purposes of a motion for appointment of lead plaintiff, a movant need only make a preliminary showing that he or she satisfies Rule 23. See Greebel v. FTP Software, Inc., 939 F. Supp. 57, 64 (D. Mass. 1996) (requiring only a prima facie showing of the satisfaction of Rule 23). Of the prerequisites to class certification set forth in Rule 23, only the typicality and adequacy prongs are implicated in consideration of the "most adequate plaintiff." This is clear from Section 21D(a)(3)(B)(iii)(II), which provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that this individual or group:

> (aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Accord In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.     The Alipour Group Fulfills The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims arise from the same course of events and each class member makes similar arguments to prove the defendants' liability. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088 (1993).  The Alipour Group seeks to represent a Class of persons who traded in Vaso Active securities during the Class Period and were damaged thereby. The Alipour Group satisfies the typicality requirements because its members: (i) invested in Vaso Active stock during the Class Period at prices that were artificially inflated as a result of the materially false and misleading statements caused to be issued by the defendants; and (ii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Alipour Group arise "from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

### b.     The Alipour Group Fulfills The Adequacy Requirement

Section 21D of the PSLRA directs the Court to limit its inquiry under the adequacy prong to the existence of any conflicts between the interests of the proposed representative and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the class, "subject to the approval of the court." See § 21D(a)(3)(B)(v) of the Exchange Act.  Here, the interests of the Alipour Group are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between the Alipour Group's interests and the interests of the Class. The Alipour Group shares virtually identical questions of law and fact with the members of the Class, and its members' claims are typical of the claims of other Class

members as they are the victims of the same fraud as all other Class members. To further its own interests, the Alipour Group will necessarily have to advance the interests of the Class. Moreover, the Alipour Group has already demonstrated its interest in pursuing the actions on behalf of the Class by its members signing certifications attesting to their willingness to assume the responsibilities of class representatives and by retaining counsel experienced in complex class litigation. These facts amply demonstrate that the Alipour Group will adequately represent the interests of Class members.

### III.     THE COURT SHOULD APPROVE THE ALIPOUR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. See Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless "necessary to protect the interest of the plaintiff class." See Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Cod'. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995). The proposed Lead Plaintiff has selected Federman & Sherwood to serve as Lead Counsel and Alan L. Kovacs to serve as Liaison Counsel. Federman & Sherwood and Mr. Kovacs are high experienced and qualified in securities fraud class action litigation and other complex litigation, as outlined in their firms' resumes annexed as Exhibits 4 and 5 to the Federman Declaration.

### CONCLUSION

For all of the foregoing reasons, the Alipour Group respectfully requests that its motion for consolidation and appointment as Lead Plaintiff be granted and their counsel be approved as Lead and Liaison Counsel for the Class.

Dated:   June 7, 2004

Respectfully submitted,


_____s/Alan L. Kovacs_____
Alan L. Kovacs
THE LAW OFFICES OF ALAN L. KOVACS
257 Dedham
St. Newton, MA  02461
Telephone:  (617) 964-1177
Fax:  (617) 332-1223
alankovacs@yahoo.com


William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK  73102
Telephone:  (405) 235-1560
Fax:  (405) 239-2112
wfederman@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2004, a true and correct copy of the above and foregoing instrument was mailed by First Class Mail, with sufficient postage prepaid thereon, to:

Bruce G. Murphy
LAW OFFICES OF BRUCE G. MURPHY
265 Llwyds Lane
Vero Beach, FL  32963

Theodore M. Hess-Mahan
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02108

Darren J. Robbins
LERACH COUGHLIN STOIA &
  ROBBINS LLP
401 B. Street, Suite 1700
San Diego, CA  92101

Nancy F. Gans
MOULTON & GANS, PC
33 Broad Street, Suite 1100
Boston, MA  02109

William S. Lerach
LERACH COUGHLIN STOIA &
  ROBBINS LLP
401 B. Street, Suite 1700
San Diego, CA  92101

Cori Sweat
LERACH COUGHLIN STOIA &
  ROBBINS LLP
401 B. Street, Suite 1700
San Diego, CA  92101

David Randell Scott
SCOTT & SCOTT LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT  06415

Andrei V. Rado
MILBERG, WEISS, BERSHAD & SCHULMAN
One Pennsylvania Plaza
New York, NY  10119

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center – Baltimore
Suite 2525
401 E. Pratt Street
Baltimore, MD  21202

Peter E. Seidman
MILBERG WEISS BERSHAD & SCHULMAN
One Pennsylvania Plaza
49th Floor
New York, NY  10119

Sharon M. Lee
MILBERG WEISS BERSHAD & SCHULMAN
One Pennsylvania Plaza
49th Floor
New York, NY  10119

Steven G. Schulman
MILBERG WEISS BERSHAD & SCHULMAN
One Pennsylvania Plaza
49th Floor
New York, NY  10119

Jeffery C. Zerling
ZERLING, SCHACHTER & ZWERLING LLP
845 Third Ave.
New York, NY  10022

Jeffrey C. Block
BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO
One Liberty Square,  8th Floor
Boston, MA  02109

Michael T. Matraia
BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO
One Liberty Square,  8th Floor
Boston, MA  02109

11

Nazanin N. Ghabai
BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO
One Liberty Square, 8th Floor
Boston, MA  02109

Richard A. Speirs
ZERLING, SCHACHTER & ZWERLING LLP
845 Third Ave.
New York, NY  10022

Shaye J. Fuchs
ZERLING, SCHACHTER & ZWERLING LLP
845 Third Ave.
New York, NY  10022

Lauren Antonino
CHITWOOD & HARLEY
2900 Promenade II
1230 Peachtree Street NE
Atlanta, GA  30309

Mark C. Gardy
ABBEY & ELLIS
212 E. 39th Street
New York, NY  10016

Martin D. Chitwood
CHITWOOD & HARLEY
2900 Promenade II
1230 Peachtree Street NE
Atlanta, GA  30309

Matthew L. Tuccillo
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02108

Nancy Kaboolian
ABBEY GARDY & SQUITIERI
212 E. 39th Street
New York, NY  10016

Thomas G. Shapiro
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02108

Evan J. Smith
BRODSKY & SMITH LLC
Two Bala Plaza
Bala Cynwyd, PA  19004

David Pastor
GILMAN and PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906

Erin J. Belfi
RABON, MURRAY & FRANK LLP
275 Madison Ave.
New York City, NY  10016

Gregory Linkh
MURRAY, FRANK & SAILER LLP
275 Madison Ave., Suite 801
New York, NY  10016

Michael Goldberg
LAW OFFICES OF LIONEL Z. GLANCY
1801 Avenue of the Stars #308
Los Angeles, CA  90067

Peter A. Lagorio
GILMAN and PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906

       _____s/Alan L. Kovacs_____
       Alan L. Kovacs